LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, APPELLANT, v. THE STATE BOARD OF TAXES AND ASSESSMENT ET AL., RESPONDENTS.

Argued October 26, 1928—Decided February 4, 1929.

For the appellant, *Robert J. Bain.*

For the respondents, *Edward L. Katzenbach,* attorney-general, *Edward P. Stout* and *Thomas J. Brogan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal of the Lehigh Valley Railroad Company from a judgment of the Supreme Court in a *certiorari* proceeding, affirming a tax levied upon certain property of which it was formerly the owner. The tax was assessed by the state board of taxes and assessment under authority conferred upon it by the provisions of the Railroad Tax act of 1888 (*Comp. Stat., p.* 5260) and its amendments and supplements including that of 1918 (*Pamph. L., p.* 1079). The property upon which the tax was imposed was owned by the railroad company prior to 1923, and conveyed by it to the state on January 1st of that year, pursuant to an agreement entered into with commissioners appointed under an act of the legislature for the purpose of acquiring certain property originally belonging to the Morris Canal and Banking Company, and later to the appellants. By this agreement, which was entered into on November 29th, 1922, it was provided, among other things, that "said company shall not be responsible for any taxes assessed for the calendar year 1923, or for any period after January 21st, 1923, on the property conveyed and transferred or to be conveyed and transferred to the State of New Jersey under the terms of this agreement."

The contention on the part of the railroad company is that the tax under review was assessed for the calendar year 1923,

and that consequently, by the express terms of the contract no obligation for the payment thereof rests upon it. The contention on the part of the state authorities, on the other hand, is that although the tax covers the land embraced in the contract, it was admittedly assessed thereon in the year 1922, and, therefore, is a tax for that year, and does not come within the exemption of the contract provision which has been recited. The Supreme Court considered the contention of the state authorities well founded and, as has already been stated, affirmed the tax.

In our opinion, the Supreme Court fell into error in the conclusion which it reached. The Railroad Tax act, and its amendments and supplements, provide for the imposition of an *annual* tax upon the property of railroad and canal companies. They also provide the machinery by which the amount of the annual tax shall be ascertained; the initial steps in so ascertaining being required to be taken early in the year preceding that for which the tax is to be assessed; and the assessment of the tax to be made not later than November 1st of that year. The taxing authorities, in determining the amount of the tax to be imposed for a given year, are bound to conform to the procedure provided by the legislature; but their action in doing so does not operate to defeat the very purpose for which the legislature created that procedure and transmute the annual tax imposed for a given year into a tax imposed for the year in which the assessment is made. The tax in dispute, although assessed in 1922, is the annual tax directed by the legislature to be imposed for the calendar year 1923.

The only other contention on the part of the state is that, conceding that the tax in question is the annual tax imposed for the year 1923, it is not embraced in the tax exemption provision contained in the contract between the legislative commission and the railroad company; that the clear purpose indicated by this provision is to relieve the company from any obligation to pay any tax assessed upon the property *during* the year 1923 or thereafter; and that, as the tax which is the subject of the present litigation was assessed in 1922, the railroad company is under a legal obligation to pay it. We consider this contention to be manifestly without merit, and in

plain disregard of the. language of the contract. The word "for" contained therein clearly indicates that the exemption was to be from the annual tax imposed for, and not that to be assessed during, the calendar year 1923; and from any subsequent taxation, without regard to the time when such assessment or assessments should be made.

Our conclusion is that the railroad company, is under no legal obligation to pay the tax imposed, and that the judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 11.